[No. 3,687.]

THE PEOPLE EX REL. JOHN L. LOVE, . ATTORNEY GENERAL, *v.* A. AUSTIN, TAX COLLECTOR OF THE CITY AND COUNTY OF SAN FRANCISCO.

TAX COLLECTOR CANNOT WITHHOLD MONEY FROM THE TREASURY.— If a tax is not illegal and void, the facts that the person taxed paid it to the Tax Collector under protest and to avoid a threatened sale of his property for the same, and that such person has commenced, or is about to commence a suit against the Tax Collector to recover it back, are no sufficient

reason why the Tax Collector should fail to pay the money into the public Treasury at the time required by law.

POINT NOT DECIDED AS TO TAX COLLECTOR.— The Court does not intimate an opinion on the point whether a Tax Collector can in any case withhold from the Treasury taxes collected by him, on the ground that they were paid under protest, even though actions have been commenced to recover them back.

WRIT OF MANDATE TO TAX COLLECTOR. —A Tax Collector who fails to pay money into the Treasury at the time required by law, will be compelled to do so by writ of mandate.

APPLICATION to the Supreme Court for writ of mandate to the Tax Collector of the City and County of San Francisco.

The defendant, who was Tax Collector of the City and County of San Francisco, had in his hands the sum of one hundred and thirty-one thousand four hundred and eleven dollars and sixty-six cents, which had been paid to him for taxes between the first Monday of October, 1872, and the first Monday in February, 1873. It was the duty of the Tax Collector to pay into the Treasury of the City and County of San Francisco, all moneys in his hands, on said first Monday in February. On the 5th day of February, 1873, the petitioner demanded of the defendant that he pay the money into the Treasury, but he refused. The defendant's bond was only in the sum of sixty thousand dollars. This money had been paid to the defendant by Reese, Hastings, and a large number of others, under protest, after the defendant had advertised their property for sale for the delinquent taxes. Some of these persons had commenced suits against the defendant to recover the money back, and the others were threatening to do so. Reese and others intervened in this action in the Supreme Court.

The other facts are stated in the opinion.

*John L. Love,* Attorney General, *Henry Edgerton,* and *Creed Haymond,* for Petitioner.

CAL. REPS. XLVI—66

*W. H. Patterson,* for Respondent.

By the Court, CROCKETT, J.:

The facts set forth in the answer of the respondent, and in the interventions of Reese and others, are substantially the same which were involved in the cases of the *Savings and Loan Society* v. *Austin,* and *Doe* v. *Austin, ante,* p. 415. We held in those cases that upon these facts, the taxes which were sought to be enjoined were not illegal and void, and their collection could not be restrained by injunction. For the same reason, the taxes paid by the intervenors and others under protest, were not illegal, and cannot be recovered back from the respondent. The fact that some of the intervenors have already commenced their actions, and that others threaten to do so, to recover back the money, furnishes no sufficient reason why the amount collected should not be paid into the Treasury. On the facts as presented here, the actions must fail; and there is no just reason why the public revenue should be withheld to await the result of actions which must ultimately terminate in judgments for the defendant. But we are not to be understood as intimating any opinion on the point whether, under the revenue system established by the Political Code, a Tax Collector can, in any case, withhold from the Treasury taxes collected by him, on the ground that they were paid under protest, even though actions have been commenced to recover them back.

Ordered, that a peremptory writ of mandate issue, as prayed for.

Mr. Chief Justice WALLACE and Mr. Justice NILES dissented.