[No. 5483.]

# THE CITY AND COUNTY OF SAN FRANCISCO v. WILLIAM FORD, TAX COLLECTOR.

TAX COLLECTOR.—It is the duty of a Tax Collector, under the Code, on the first Monday in each month, to pay to the County Treasurer all money collected by him as taxes for the State and County, even if the tax is illegal, and the money is paid to the Collector under protest.

Application to the Supreme Court for writ of mandate to compel the defendant, who was Tax Collector of the City and County of San Francisco, to pay into the City and County Treasury money which he had collected in his official capacity.

The application for the writ was made on the 18th day of

December, 1876. The defendant had been Tax Collector since the 6th day of December, 1875, and had in his hands the sum of sixty thousand nine hundred and seventeen and ninety-one one hundredths dollars belonging to the City and County, and the sum of thirty-seven thousand one hundred and eighty-eight and twenty-five one hundredths dollars belonging to the State, which he had failed to pay to the Treasurer on the first Monday of the month succeeding its collection.

The other facts are stated in the opinion.

*W. C. Burnett*, for the Writ.

*Joseph M. Nougues*, against it.

By the COURT:

The answer admits that the money remaining in the hands of the respondent was collected and received by him in his official capacity as Tax Collector, as and for taxes due the City and County of San Francisco, and that he has refused to pay the same to the Treasurer. The only reason assigned for the refusal is that the taxes were paid under written protest, copies of which are annexed to the answer. The taxes were paid before they had become delinquent, and it is stated in the protests that they were paid " to avoid the penalty advertised to attach for delinquency, and to avoid the threatened levy upon, seizure, and sale of the property assessed, and owned by me." The answer does not aver that the taxes were illegally collected, or that they were paid under legal duress; but it alleges that actions have been commenced and are now pending against the respondent to recover back the money so paid, and he is advised by counsel that he cannot safely pay the fund into the treasury until these actions are finally decided. Waiving the question whether the answer is not fatally defective in omitting to aver that the taxes were in fact illegal, and whether it does not affirmatively appear that they were not paid under legal duress, we prefer to rest our decision on another ground.

Sec. 3753 of the Political Code requires the Tax Collector, on the first Monday in each month, to settle with the Auditor for

all moneys collected for the State or county, "and pay the same to the County Treasurer, and on the same day must deliver to and file in the office of the Auditor a statement under oath, showing, first, an account of all his transactions and receipts since his last settlement; second, that all money collected by him as Tax Collector has been paid." The next section provides that "A Tax Collector refusing or neglecting for a period of five days to make the payments and settlements required in this title, is liable for the full amount of taxes charged upon the assessment roll." Sec. 3755 makes it the duty of the District Attorney to bring suit against the Tax Collector and his sureties for a neglect to pay over the money as required by sec. 3753, "and when the suit is commenced, no credit or allowance must be made to the Collector for the taxes outstanding."

Sec. 425 of the Penal Code provides that "every officer charged with the receipt, safe-keeping, or disbursement of public moneys, who neglects or fails to keep and pay over the same in the manner prescribed by law, is guilty of felony." Under these stringent provisions, the duty of the Tax Collector to pay into the County Treasury all moneys collected by him for taxes, is unconditional, and without reservation or limitation. There is nothing to indicate that he is to be at liberty to withhold from the Treasury moneys paid under protest. On the contrary, the obvious intent of the statute is, that all money received by him for taxes, whether paid under protest or otherwise, must be paid into the Treasury. If a different rule prevails, and if all the State and county taxes should be paid under protest, the State and County Governments would be wholly without revenue, until the litigation as to the legality of the tax should be finally ended; and in the *interim* the entire revenue would remain in the hands of the Collector. If it be said that it works a hardship on the Collector and his sureties to compel him to pay over the money before the litigation is ended, and when it may ultimately be adjudged that the tax was illegal and ought not to have been collected, the answer is that he and his sureties must be presumed to have known the law when he accepted the office and when his bond was given; and if the law has imposed upon him the onerous and hazardous duty of decid-

ing upon the validity of a tax paid under protest, it is one of the responsibilities of the office which he voluntarily assumed; and ʾf he or they shall suffer a loss through a mistake of judgment, .ʾey must rely on the justice of the Government to make good their loss.

In *People* v. *Austin*, 46 Cal. 520, the point decided was that the Tax Collector could not withhold from the treasury taxes paid under protest, when it appeared that the taxes were legally collected and that a suit to recover them back would be unavailing. But we expressly reserved our opinion on the question, whether, under the revenue system established by the Political Code, a Tax Collector can, *in any case*, withhold taxes collected by him, on the ground that they were paid under protest, even though actions have been commenced to recover them back. No prior case has been called to our attention, nor do we recall any, in which that question has been before this Court; but in view of the fact that the statute peremptorily requires the Tax Collector to pay to the Treasurer at stated periods all moneys received for taxes, we are of opinion that the payment under protest makes no exception to the rule.

Ordered that a peremptory writ of mandate issue, as prayed for.

Mr. Chief Justice WALLACE did not express an opinion.