### DETERMINED IN

# THE SUPREME COURT

#### OF THE

# STATE OF CALIFORNIA.

[S. F. No. 410. Department One.—February 2, 1898.]

JAMES D. PHELAN, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

ACTION TO RECOVER TAXES PAID—IMPROVEMENT OF DUPONT STREET—PROTEST—NOTICE TO COLLECTOR—CITY AND COUNTY NOT LIABLE.—The city and county of San Francisco cannot be compelled to refund any taxes assessed for the improvement of Dupont street, which were paid under protest, by virtue of the provisions of section 3819 of the Political Code, nor as being money had and received to the use of the payer of the taxes, upon the ground that the plaintiff notified the tax collector not to pay the money into the treasury, and that he would institute an action to recover the money paid, it being the duty of the collector to pay the money into the treasury immediately upon its receipt, regardless of such notice or of any protest accompanying the payment; nor can such payment be recovered as having been made under duress, it being voluntary in its nature.

ID.—DURESS—VOLUNTARY PAYMENT—ILLEGAL TAX DEED—BURDEN OF PROOF UPON PURCHASER—SALE UNDER DUPONT STREET ACT.—In order to constitute a payment under duress, there must be some coercion or compulsion, or some threatened exercise of authority over the person or property of the party making the payment, which controls his action, and which can be avoided only by making the payment; nor does the payment of a tax under protest of such party take from the payment its voluntary character, unless it is necessary in order to protect his person or property, or unless the conveyance by the officer will have the effect to deprive the owner of some defense to the tax, or throw upon him the burden of showing its illegality; and where the officer's want of authority will appear upon the face of the deed, or the illegality of the proceedings will necessarily appear in any

attempt to disturb the owner in the possession of the land, a payment under protest to prevent such sale is not made under duress, but is voluntary, and cannot be recovered back; and this principle applies to a tax sale under the Dupont street act, there being no provision therein making a deed from the collector *prima facie* evidence of any proceedings prior thereto, and under such deed the purchaser must prove each step in the proceedings, which, if illegal, cannot affect the owner's possession.

ID.—CONSTRUCTION OF DUPONT STREET ACT—MANNER OF COLLECTING TAXES—EFFECT OF TAX DEED AS EVIDENCE.—The provision of the Dupont street act that "there shall be levied, assessed, and collected annually, at the time and in the manner as other taxes are levied, assessed, and collected in said city and county, a tax, etc., for the purpose of meeting the expense of the improvement," does not have the effect to make a deed upon a sale for assessments levied *prima facie* evidence of the truth of matters recited therein, that being no part of the manner of collecting the taxes levied and assessed under the act.

ID.—VALID TAX—DEFECTIVE PROCEEDINGS—EFFECT OF PROTEST.—If a tax is valid and constitutes a lien upon the land of the person paying the tax, his protest at the time of payment can give him no right to recover back the sum paid by reason of any defect in the proceedings for the sale of the land to enforce the collection, but in such case the satisfaction of the obligation to pay the tax, and the release of the lien thereof upon his property, are a sufficient motive and consideration for the payment to take from it all character of duress.

ID.—OMISSION OF DUTY OF TAX COLLECTOR AS TO OTHER PROPERTY.—The obligation of plaintiff to pay a tax assessed against his property is not affected by the omission of the tax collector to enforce its collection against other property.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Frank Sullivan, for Appellant.

H. T. Cresswell, City and County Attorney, and Mastick, Belcher & Mastick, for Respondents.

HARRISON, J.—The plaintiff seeks by this action to recover from the city and county of San Francisco, and from its tax collector, the sum of sixty-nine thousand nine hundred and twenty-one dollars and eighteen cents, paid by him under protest for the assessments made upon a certain lot of land belonging to him for the widening of Dupont street during sixteen consecu-

tive years ending in 1893.    The complaint recites the proceedings taken by virtue of the act of March 23, 1876 (Stats. 1876, p. 433), for the purpose of determining the amount to be raised for the expense of the improvement, and the property to be charged with this expense and the issuance of bonds therefor, and alleges that in each year thereafter, to and including the year 1893, the board of supervisors of the city and county of San Francisco, assuming to act under the authority of said act, had made a pretended levy of a tax upon this property for the purpose of paying the interest and five per cent of the principal of the bonds as directed by the act; that the said levies, taxes, and assessments, and each of them, were invalid and void—specifying the several grounds claimed to constitute their invalidity; that by reason thereof his land described in the complaint was illegally charged with the amount of the said taxes; that on May 31, 1894, the defendant Block, as tax collector of said city and county, had published a delinquent list of the property upon which the said taxes had not been paid for each of the sixteen consecutive fiscal years preceding, in which list was included the parcel of land owned by the plaintiff, and with said delinquent list had published a notice that the said lands would be sold by him for said delinquent taxes, said sale to commence on the twenty-second day of June, 1894, and to continue until completed; that the tax collector had not complied with the provisions of the act of March 23, 1876, respecting the collection of said taxes, and by reason thereof had no authority to advertise or offer the lands of the plaintiff for sale; that after the publication of said delinquent list, and while the said tax collector was threatening to sell the said land, the plaintiff served upon him a notice of his claim that the said assessments, and each of them, were invalid, and in said notice specified the grounds of this claim, and thereafter, on the twenty-sixth day of June, 1894, paid to the defendant Block, as such tax collector, the sum of sixty-nine thousand nine hundred and twenty-one dollars and eighteen cents; that at the time of such payment he served upon the said tax collector, and also upon the treasurer of said city and county, a protest in writing, in which he claimed that said assessments, and each and all of them, are void, and specified the grounds upon which said claim was founded; that at the time of said

payment he also notified the tax collector not to pay the same into the treasury, and that he intended to institute an action against him to recover said taxes, but that, notwithstanding such notice, the said tax collector did immediately pay into the treasury of said city and county the moneys so paid to him, and that at the time of such payment the city and county and its treasurer were notified by the plaintiff that the same were paid under protest, and that the plaintiff would institute an action for their recovery. Copies of the notice served upon the tax collector, and of the protest served at the time of the payment of the taxes, are annexed to the complaint. The plaintiff further alleges that by reason of certain judgments rendered by the superior court of said city and county on the twenty-fifth day of May, 1881, the tax collector and his successors in office were perpetually restrained from selling or attempting to sell certain of the lands liable for said taxes to enforce the collection thereof, and that the owners of said lands have not paid any of the taxes imposed by said act, and that the tax collector did not offer the said lands for sale, but claimed that he was prevented from so doing by said judgments, and that by reason of the failure of the defendants to subject all of the land referred to in the act of March 23, 1876, to the burden imposed thereby, the whole assessment and tax levied in compliance with said act is illegal and of no effect. The defendants demurred to the complaint upon the ground that it does not state facts sufficient to entitle the plaintiff to any relief, and, their demurrer having been sustained, judgment was entered in their favor, from which the plaintiff has appealed.

It was expressly held in *Easterbrook v. San Francisco*, 44 Pac. Rep. 800, and again in *Davis v. San Francisco*, 115 Cal. 68, that the city and county of San Francisco cannot be compelled by virtue of the provisions of section 3819 of the Political Code to refund any of the taxes paid under protest for the improvement of Dupont street. It is contended, however, by the appellant that, as he notified the tax collector at the time of the payment not to pay the money into the treasury, and that he intended to institute an action for its recovery, he is entitled to a judgment herein; that as the money was paid to the treasurer, it is virtually in the custody of the city and county, and that by reason of his

protest and notice he is entitled to recover it as money had and received to his use. It was the duty of the tax collector, however, to pay this money into the treasury immediately upon its receipt, irrespective of the fact that it was paid to him under protest. (*San Francisco v. Ford,* 52 Cal. 198.) The money was received by him in his official capacity for public uses, and by section 16 of article XI of the constitution he was required to deposit the same immediately with the treasurer; and by section 424 of the Penal Code his failure to do so would make him liable to prosecution for a felony; and he was not absolved from this obligation by reason of the protest and notice of the plaintiff. Having paid the money into the treasury in obedience to this official duty, it would violate all principles of justice to hold him individually liable to the plaintiff therefor, upon the ground that he had refused to follow the plaintiff's directions to disregard his official obligation.

The payment by the plaintiff was moreover voluntary, and not under duress. In order to constitute a payment under duress, there must be some coercion or compulsion which controls the conduct of the party making the payment—some threatened exercise of power or authority over his person or property, which can be avoided only by making the payment. If one pays an illegal demand with full knowledge of its illegality, his protest does not take from the payment its voluntary character, unless the payment is necessary in order to protect his person or property. The payment of a tax to prevent a threatened sale of real estate is not compulsory, unless the conveyance by the officer will have the effect to deprive the owner of some defense to the tax, or throw upon him the burden of showing its illegality. If the officer's want of authority will appear upon the face of the deed, or if the illegality of the proceedings will necessarily appear in any attempt by the purchaser to disturb the owner in the possession of the land, a payment to prevent such sale is not made under duress. (*Bucknall v. Story,* 46 Cal. 589; *Wills v. Austin,* 53 Cal. 172; *Maxwell v. San Luis Obispo,* 71 Cal. 466.) There is no provision in the Dupont street act by which the deed of the tax collector is made *prima facie* evidence of any of the proceedings prior thereto, and, in the absence of such statutory provision, it would be incumbent upon

a purchaser, in any action by him to establish a title to the land by virtue of the sale, to make proof of each of these steps. If there has been such illegality in these proceedings as is claimed by the plaintiff herein, it would appear in such action, and would defeat any attempt by the purchaser to disturb the plaintiff's possession. Section 13 of the act provides that "there shall be levied, assessed, and collected annually, at the time and in the same manner as other taxes are levied, assessed, and collected in said city and county, a tax, etc., for the purpose of meeting the expense of the improvement." A similar provision was contained in the Kearny street act, and in reference thereto it was said in *Bucknall v. Story*, 36 Cal. 67: "The act adopted no more of the one referred to (the revenue act) than is embraced in its terms. It simply refers to it for the manner of sale. It nowhere provides what the effect of the deed given upon a sale as an instrument of evidence shall be. The provisions in the act for the collection of taxes, that a deed containing certain specified recitals shall be *prima facie* evidence of the truth of the recitals and of the regularity of all prior proceedings, is directly opposed to the common law and subversive of the ordinary rules of evidence. It will not be presumed that the legislature intended to extend this rule to other instruments, unless that intention is expressly stated in clear and explicit terms. To do so would be to violate well-settled principles of construction. The manner of collecting was the only part of the statute adopted, and the effect of a deed upon a sale for assessments as an instrument of evidence in subsequent litigation, is certainly no part of the 'manner' of collecting."

If the tax was valid and constituted a lien upon the plaintiff's property, his protest at the time of making the payment gives him no right of recovery. Neither the lien of the tax nor his obligation to pay it ceased by reason of any defect in the proceedings for a sale of the land to enforce its collection, and the satisfaction of this obligation, as well as the release of the lien, was a sufficient motive and consideration for the payment to take from it all character of duress.

The plaintiff's obligation to pay the tax is not affected by the omission of the tax collector to enforce its collection against other property. If the tax against that property is not collected,

the bondholders may have some reason to complain, but the burden upon the land of the plaintiff is neither increased nor diminished by reason of such omission.

The judgment is affirmed.

Van Fleet, J., and Beatty, C. J., concurred.

Hearing in Bank denied.