[S. F. No. 2137.    Department One. — April 30, 1901.]

## E. A. HAINES, Appellant, v. WILLIAM W. YOUNG et al., Respondents.

EJECTMENT — EVIDENCE OF TITLE — TAX DEED — WIDENING OF DUPONT STREET. — In an action of ejectment, a tax deed for delinquent taxes, under the act of March 23, 1876, for the widening of Dupont Street, is not, of itself, sufficient evidence of title. Such tax deed is not made *prima facie* evidence of all the steps recited in it, under section 3786 of the Political Code.

ID. — MOTION TO SUPPLY PROOF AFTER SUBMISSION OF CAUSE — INADVERTENCE NOT SHOWN — REFUSAL OF MOTION — DISCRETION. — A motion for leave to supply proof of the steps leading up to the tax deed, made after submission of the cause, upon the ground of inadvertence, is not sustained, as to such ground, where it appears that plaintiff purposely took the chances of the sufficiency of the deed admitted by the court in proof of his title, after full objection and warning from defendants' counsel of the necessity of such proof; and the refusal of the motion was not an abuse of discretion, upon the facts appearing in the record.

ID. — INSUFFICIENCY OF AFFIDAVIT AS TO PROOF OF STEPS. — An affidavit upon such motion, that plaintiff "stood ready to prove the steps leading up to the tax-collector's deed," without setting forth what the steps were which he stood ready to prove, and without even stating that they were such as were set forth in the tax deed, is insufficient to show that plaintiff stood ready to prove the steps required by law to be taken.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion.

---

[1] 80 Am. St. Rep. 150.

Pringle & Pringle, for Appellant.

The Political Code provides the manner and means of collecting taxes, and section 3786 should apply to any tax deed. Cases heretofore decided were not based upon tax deeds. (*Phelan* v. *San Francisco*, 120 Cal. 1; *Bucknall* v. *Story*, 36 Cal. 67.) The court abused its discretion, and caused great injustice, in changing its ruling without allowing the supply of proof of the requisite steps. (*Lisman* v. *Early*, 15 Cal. 199; *Foote* v. *Richmond*, 42 Cal. 439; *Consolidated Nat. Bank* v. *Pacific Coast S.S. Co.*, 95 Cal. 1;[1] *Low* v. *Warden*, 70 Cal. 19.)

Olney & Olney, for Respondents.

The deed was not *prima facie* evidence of title, and, of itself, proved no title. (*Phelan* v. *San Francisco*, 120 Cal. 1.) The affidavit for plaintiff was insufficient to sustain the motion to open the cause after submission, and the record does not show any abuse of discretion in the denial of the motion.

CHIPMAN, C.—Ejectment. Defendants had judgment, from which and from the order denying motion for new trial plaintiff appeals.

1. Plaintiff claims title to the lot in question by virtue of a deed from the tax-collector of the city and county of San Francisco for delinquent taxes, under the act for the widening of Dupont Street, in San Francisco, approved March 23, 1876. (Stats. 1876, p. 433.) The deed was admitted in evidence on the offer of plaintiff, against defendants' objections. No other evidence of title in plaintiff was offered. The only question presented is, whether this deed, under section 3786 of the Political Code, is *prima facie* evidence of all the steps recited in it. Plaintiff's contention that the deed constituted such evidence cannot be maintained. (*Phelan* v. *San Francisco*, 120 Cal. 1.)

2. The motion for a new trial was made on the ground that the court abused its discretion in refusing to open the case after the evidence was closed and the cause submitted, and to allow plaintiff to prove the steps leading up to the deed.

When plaintiff offered his deed in evidence, counsel for defendants objected on several grounds, and among them was the point now before us; namely, that the deed is not ad-

---

[1] 31 Am. St. Rep. 171.

missible "without proof having first been made of all the steps from the inception of the proceedings under the . . . Dupont Street act, to and including the execution of the deed." The court having admitted the deed, plaintiff rested, without offering to submit the evidence pointed out by defendants as necessary. Defendants then submitted evidence of their title, and counsel remarked that in ordinary tax cases the deed makes a *prima facie* case, but that this is not the rule in the Dupont Street assessments, and concluded by saying: "If counsel does not put in any other testimony, I will not introduce any testimony." The cause was then submitted on briefs to be thereafter filed, five days being given to plaintiff, five to defendants to answer, and two to plaintiff to reply. This was on May 15, 1899. On May 19th, following, counsel for plaintiff gave notice of motion to reopen the case and for leave to submit the omitted evidence, on the ground that such proof "was omitted through inadvertence, and that the ends of justice required the same to be submitted to the court." The motion was supported by an affidavit of one of the counsel for plaintiff, in which he states "that he stood ready at the time to prove the steps leading up to the tax-collector's deed, . . . but was of the opinion that the deed was *prima facie* evidence of such steps," and was sustained by the ruling of the court in admitting the deed over objection; "but, after further consideration of the case and the law applicable thereto, affiant now desires, and is ready and willing and offers, to prove each successive step leading up to said tax deed, with leave of the court first had."

Defendants' counsel make counter-affidavits, showing that plaintiff's leading counsel — the attorney who made the above affidavit — was informed by defendants' counsel, before the trial began, that the proof of steps preceding the deed was necessary to be made, and therefore he could not have omitted such proof through inadvertence, and that affiant read to the court the decision in *Phelan* v. *San Francisco, supra,* before the cause was submitted. These facts are not denied, and were hardly necessary, as the record shows that plaintiff submitted the case with ample warning that he was taking all the chances of suffering by his error if it should turn out so to be. Furthermore, plaintiff's affidavit does not set forth what the steps were which he stood ready to prove, nor even generally that

they were such as are set forth in the deed.   It does not follow that because "he stood ready to prove the steps leading up to the tax-collector's deed," such steps were those required by law to be taken.

It is altogether probable that if the court had allowed the deed to be admitted in evidence under a mistaken impression of the plaintiff that no other proof was necessary, the court would, and should in all fairness, have allowed the proof to be made before it was too late, after he was advised of the decision of this court.   But we do not find evidence in the record that the deed was admitted solely on plaintiff's theory, or under any misapprehension as to the law.   The evidence on the motion shows that counsel persisted in submitting the case, claiming that what was said in *Phelan* v. *San Francisco, supra,* was *dictum,* and not decisive of the point here.   It was within the discretion of the court to grant or refuse the motion, and we can disturb its ruling only on a clear showing of abuse of that discretion, which we cannot say has been shown in this case.

The judgment and order should be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Van Dyke, J., Harrison, J., Garoutte, J.