[L. A. No. 5331. Department Two.—December 23, 1919.]

ANDREW THILL, Respondent, v. GEORGE MOULTHORP et al., Defendants; SYLVESTER KIPP, Appellant.

[1] TAXATION—DEEDS AS PRIMA FACIE EVIDENCE OF PRIOR PROCEEDINGS—APPLICABILITY OF CODE PROVISIONS—STATE TAXES.—The provisions of section 3786 of the Political Code by which tax deeds are made prima facie evidence of compliance with the requirements of the statute pursuant to which the proceedings leading up to the levy of the tax have been had, by their own terms, apply only in the case of state taxes.

[2] ID.—DEEDS ISSUED UNDER LOCAL IMPROVEMENT ACT OF 1905—INAPPLICABILITY OF CODE PROVISION—CONSTRUCTION OF AMENDMENT OF MUNICIPAL INCORPORATION ACT.—Such provisions are not applicable to deeds whose recitals show conclusively that they were issued and all proceedings resulting in their issuance had under the Local Improvement Act of 1901, by virtue of the amendment of 1905 of section 871 of the Municipal Incorporation Act, (Stats.

1905, p. 89), which provides that "all deeds made upon any sale of property for taxes or special assessments under the provisions of this chapter, shall have the same force and effect in evidence as is or may hereafter be provided by law for deeds for property sold for nonpayment of state taxes," since such provision, by its plain terms, applies only to tax deeds "made upon any sale of property for taxes or special assessments under the provisions of this chapter."

APPEAL from a judgment of the Superior Court of San Diego County. T. L. Lewis, Judge. Reversed.

The facts are stated in the opinion of the court.

Sylvester Kipp, *in pro. per.*, for Appellant.

F. L. Richardson for Respondent.

LENNON, J.—This is an action under section 738 of the Code of Civil Procedure to determine adverse claims to real estate. Defendant Kipp answered the complaint, denying the facts relied upon to establish plaintiff's interest in the property and setting up an estate therein in himself. Plaintiff based his right to recover judgment upon certain tax deeds and relied upon the recitals in the said deeds as *prima facie* evidence of compliance with the requirements of the statute pursuant to which the proceedings leading up to the levy of the tax had been had, namely, The Local Improvement Act of 1901 (page 34). Judgment was entered in favor of plaintiff, and defendant Kipp appeals on the ground that the recitals in the said deeds are not *prima facie* evidence of compliance with the requirements of the statute in question.

[1] The provisions of the Political Code by which tax deeds are made *prima facie* evidence of compliance with the requirements of the statute pursuant to which the proceedings leading up to the levy of the tax have been had, by their own terms, apply only in the case of state taxes. (Pol. Code, sec. 3786.) Plaintiff and respondent contends, however, that these provisions are applicable in the present case by virtue of section 871 of the Municipal Incorporation Act. (Stats. 1883, p. 273; Stats. 1905, p. 89.) That section, as amended in 1905, provides that "All deeds made upon any sale of property for taxes or special assessments

under the provisions of this chapter, shall have the same force and effect in evidence as is or may hereafter be provided by law for deeds for property sold for nonpayment of state taxes." **[2]** The difficulty with plaintiff's contention, lies in the fact that this provision, by its plain terms, applies only to tax deeds "made upon any sale of property for taxes or special assessments under the provisions of *this chapter*," while the recitals of the tax deeds here in question show conclusively that the said deeds were issued and all proceedings resulting in their issuance were had under the Local Improvement Act of 1901. Such being the situation, if the deeds here in question are *prima facie* evidence of the proceedings prior thereto, it must be solely by reason of a provision to that effect in the Improvement Act itself. (*Phelan* v. *San Francisco*, 120 Cal. 1, [52 Pac. 38]; *Haines* v. *Young*, 132 Cal. 512, [64 Pac. 1079].) It is not claimed that any provision of The Local Improvement Act of 1901 has the effect of making the said deeds *prima facie* evidence of the proceedings prior thereto. It was, therefore, incumbent upon plaintiff to prove these proceedings.

There is no basis for the contention that the re-enactment of the sections of the Political Code relative to the effect of tax deeds as evidence subsequent to the decision in *Phelan* v. *San Francisco* and *Haines* v. *Young*, *supra*, had any effect upon the authority of these cases.

The judgment is reversed.

Wilbur, J., and Kerrigan, J., *pro tem.*, concurred.