[Civ. No. 12508. First Dist., Div. Two. Nov. 30, 1943.]

FRANK GARIBALDI et al., Appellants, v. CITY OF DALY CITY et al., Respondents.

A. J. Scampini and L. F. Mahan for Appellants.

Kirkbride & Wilson, F. E. Hoffmann and Arthur J. Harzfeld for Respondents.

NOURSE, P. J.—Respondents have moved to dismiss the appeal of certain named appellants on the grounds that the question on appeal as to them has become moot. The judgment appealed from was one of dismissal in a suit to set aside a special assessment levied by respondent city. Between December 11, 1942, the date of the order sustaining defendants' demurrer, and January 11, 1943, the date of the entry of the judgment of dismissal, the named appellants paid the assessments levied to the banking firm of the contractor. These payments were not made under protest. However, the contractor sent a notice to the plaintiffs which stated that if they did not pay, bonds would issue against their property. The notice of appeal was not filed until February 2, 1943. Section 8 of the Improvment Bond Act of 1915 (Stats. 1915, p. 1441; Act 8209, Deering's Gen. Laws, p. 3770) provides that the bonds by their issuance would be conclusive evidence of the regularity of the proceedings prior thereto. It is the respondents' position that having paid the assessments voluntarily, the named appellants could not recover them and therefore, no matter what the result of the appeal, it will not affect their rights. On the other hand, the appellants contend that their payment was involuntary under the threat to issue bonds which would cast an increased burden on their property by reason of section 8 of the Improvement

Bond Act of 1915, and therefore in the event the appeal is determined in their favor, they could recover their payments.

 Section 14(a) of the Improvement Bond Act of 1915 provides that payments of the assessments may be made under protest in like manner as any other taxes of a municipal body; however, the section applies only after the warrants and assessment list, previously issued to the contractor, have been returned to the municipality for the issuance of bonds on the unpaid assessments. Accepting appellants' interpretation of section 8, the remedy provided for in section 14(a) would be inadequate. Therefore in determining whether appellants have barred themselves from recovery by their manner of payment, we must look to the common law rule governing payments made under duress or compulsion. (*Spencer* v. *City of Los Angeles*, 180 Cal. 103 [179 P. 163].) The rule to be applied is stated in California Jurisprudence: "However, although there seems to be a question as to the necessity of a protest under such circumstances, it has been held in a case not coming within the purview of the statutory provision relating to payments under protest, that money demanded in payment of illegal taxes, the circumstances of duress and coercion being present, could be paid under protest and recovered in an action brought for that purpose." (24 Cal.Jur. 311.)

 While it is true that in California certain cases have held that payments made under duress or compulsion without a formal protest are recoverable, such cases are distinguishable from the one before us. All those which independent research has disclosed involve sets of facts in which a formal protest would have been unavailing and in which the collector was aware of the claimed invalidity of the tax collected. (*Brandt* v. *Riley*, 139 Cal.App. 250, 253 [33 P.2d 845]; *Flynn* v. *San Francisco*, 18 Cal.2d 210 [115 P.2d 3].) On the facts before us, even if we assume that there was such duress or compulsion in section 8 of the Improvement Bond Act of 1915 that the rule involved in *Phelan* v. *San Francisco*, 120 Cal. 1, 5 [52 P. 38], would apply, we cannot agree with appellant's position that no protest was necessary. It should be noted that in that case even though a protest was made, a threatened sale by the tax collector was held to constitute insufficient duress and compulsion within the meaning of the rule stated. A protest serves not only to warn the recipient that he must be prepared to refund the money and

must guide his acts accordingly, but also to make the recipient aware of the nature of the claimed illegality. Where, as in the cited cases, the collector is aware of the claimed illegality, either by other protests of similarly situated individuals or the forceful nature of the collection method, the collector can protect himself. Here the contractor was unaware that any appeal was contemplated from the judgment; the payors did not warn him that they were not satisfied by the judgment and the judgment in his favor would have led him into a sense of security concerning the validity of the claim asserted. Therefore we hold that the named appellants would not be entitled to recover the money which they paid voluntarily without a protest. Whatever disposition we might make of the appeal as to the remaining appellants who have not paid their assessment, the rights of the named appellants are fixed. ▨ An appellate court will not determine a question which will have no effect upon the status of the parties. The question on appeal as to them has become moot. The appeal as to them must be dismissed. (*Morris* v. *Cole,* 218 Cal. 676 [24 P.2d 785] ; *Weiss* v. *City of Los Angeles,* 190 Cal. 576 [213 P. 979].)

The motion is granted and the appeal as to the named appellants is dismissed.

Spence, J., and Dooling, J. pro tem., concurred.