[No. 11621.   Department Two.—April 29, 1889.]

THE PEOPLE, Respondent, *v.* T. C. VAN NESS ET AL., Appellants.

Official Bond — Commissioner of Immigration — Evidence of Conversion. — When the commissioner of immigration, upon being required to render immediately to the controller a detailed statement of receipts, and to pay the same into the state treasury, replies that he had received no moneys belonging to the state, such reply is evidence of a conversion of all moneys of the state, which had theretofore come to his hands, as fast as received, and such conversion was a breach of his official bond, which was in force at the time of the receipt of the moneys.

Id. — Statute of Limitations. — The statute of limitations for breach of an official bond does not commence running until the expiration of the

official term, and the period thereafter required to effect a bar is four years.

ID. — DELIVERY OF OFFICIAL BOND — APPROVAL. — An official bond, like every other deed, is not operative until a delivery, nor are the sureties liable thereon for any breach until after its delivery. There can be no delivery of an official bond until its approval by the proper authority.

ID. — FEES ILLEGALLY COLLECTED BY COMMISSIONER OF IMMIGRATION — RIGHTS OF STATE. — Fees collected by the commissioner of immigration for administering oaths to masters of vessels, when making the reports required by section 2949 of the Political Code, were collected without authority of law, and the money thus collected belonged to the shipmasters who paid it; but having been collected in the name and by the authority of the state, the state was the proper custodian of the moneys. The commissioner had no right to retain them, and having paid them to the state, cannot claim a credit therefor on a judgment for breach of his official bond.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Van Ness & Roche,* for Appellants.

*Attorney-General Johnson,* and *Langhorne & Miller,* for Respondent.

THORNTON, J. — Action on the official bond of the defendant Van Ness, as commissioner of immigration of the port of San Francisco.

The bond on which this action was brought bears date on the 11th of January, 1876, on which day it was signed by Van Ness as principal, and Henry Barroilhet and Leland Stanford as sureties, was approved by the governor on the next day, and filed and recorded on the next day in the office of the secretary of state.

Van Ness held the office of commissioner of immigration from the seventh day of January, 1876, to the 21st of January, 1880.

During the incumbency of Van Ness, his official bond was by an act of the legislature, approved March 25,

1876, reduced from twenty-five thousand dollars to two thousand five hundred dollars.

Van Ness, subsequently to this amendment, filed an official bond in the sum of two thousand five hundred dollars, which was approved by the governor, and filed in the office of the secretary of state on the eighth day of May, 1876. This last bond was signed by Van Ness and Barroilhet and one Moulder as sureties on the twelfth day of April, 1876.

During Van Ness's incumbency, from March 25, 1876, to the end of his term, he collected and received in his official capacity, under the statute, as " the seventy cents," or capitation tax allowed by it, the sum of $28,353.64, and of this amount he collected,—

From March 25, 1876, to April 12, 1876......$1,284 50
From April 12, 1876, to May 8, 1876......... 2,648 10

Total from March 25, 1876, to May 8, 1876.. $3,932 60

Van Ness was entitled to a salary of $4,000 per annum during his incumbency of office, which amounted in the whole to $15,277.78.

Of this amount his salary from March 25, 1876, to May 8, 1876, amounted to $477.18.

The remainder of salary was received during the subsequent period of his term of office.

The action, as will be observed, is brought on the bond first executed in January, 1876, and it is contended that there never has been any breach of that bond.

The court held that during the period extending from the 25th of March, 1876, to the 8th of May, 1876, Van Ness received of the capitation tax above mentioned the sum of $3,932.60; that the salary of Van Ness during the period above mentioned amounted to the sum of $477.18, and that his office expenses during the same period of time amounted to $336.30; that Van Ness was entitled to retain those last two mentioned sums out of the amount, $3,932.60, collected by him; that the amount

remaining after deducting the sum above mentioned for salary and office expenses, amounting to $3,118.32, was prior to the 8th of May, 1876, and to the filing of the bond filed on that day, appropriated and converted to his own use by Van Ness, and that none of said last-named sum was held by Van Ness on the said 8th of May, 1876.

The condition of the bond was that Van Ness in his official capacity should well, truly, and faithfully execute the duties of the trust, and perform all the official duties required of him by law

That one of the duties assumed by Van Ness, as commissioner, was to keep the moneys collected by him, after making the deductions above mentioned, as the moneys of the state, to be paid over to the proper officer of the state at the proper time, we think there can be no doubt; and that a conversion of such moneys by him was a breach of his bond, we entertain as little doubt.

It is urged that there is no evidence of any such conversion. We think there is. On the 21st of February, 1883, John P. Dunn, the controller of state, in his capacity of controller, wrote to Van Ness requiring him to render immediately to the controller's office a statement of his account as commissioner of immigration, giving in detail the receipts from all sources during his (Van Ness's) incumbency in office. In the same letter Van Ness was required to pay at once into the state treasury all moneys held by him belonging to the state.

To this letter Van Ness wrote in reply on the 10th of March, 1883, that he had no property or moneys of the state in his possession, and had had none during his term of office or incumbency.

Here was a denial that he had ever had any moneys in his hands collected by him for the state during his term of office, and a refusal to pay any sum into the state treasury.

The admitted facts show the collections by Van Ness as above stated.

The evidence shows a denial by Van Ness of any right of the state to the moneys collected by him as the trusted officer of the state. This is a conversion within the rules of law on that subject. His declaration in his letter to Dunn was a denial of any right in the state, and a plain manifestation of the exercise by him of dominion over this money in defiance of the right of the state. We are of opinion that the court was fully sustained by the evidence in finding as a fact that there was a conversion of this money by Van Ness. (See *Dodge* v. *Meyer*, 61 Cal. 420; *Liptrot* v. *Holmes*, 1 Ga. 381; *Cobb* v. *Dows*, 9 Barb. 242.)

But it is argued that there was no conversion prior to the 8th of May, 1876. We think the court below was justified in holding that the money was converted by Van Ness as fast as received. He says in his letter above quoted that he has never collected or had in his possession any money as belonging to the state, and it is manifest that he all along regarded that the money collected by law belonged to him. We are of the opinion that the evidence justified the court below in finding that a conversion by Van Ness of the moneys for which judgment herein was rendered was made prior to the eighth day of May, 1876.

There was no delivery of the second official bond executed by Van Ness and sureties until the day on which it was approved by the governor. (*Sacramento* v. *Bird*, 31 Cal. 74.) We cannot see how there could have been any delivery until that date. The bond was not in a condition to be delivered until that date. Prior to that time it was inchoate and imperfect as a bond. Like every other deed, that bond was not operative until delivery. It follows that the parties to the second bond were not liable for any breach until after its delivery. There could have been no breach of this bond.

until after it was delivered on the 8th of May, 1876, but there was a breach of the bond sued on.

This action was not barred by the statute of limitations. Taking the view most favorable to defendants, the statute did not commence running until the close of Van Ness's term of office, on January 21, 1880. This action was commenced on the 23d of April, 1883. As this action was on a bond, the period required to effect a bar was four years. (Code Civ. Proc., sec. 337.) The action, it will be perceived, was brought in less than four years from the date of its accrual in January, 1880.

Van Ness, during his term of office, paid into the state treasury the sum of $1,135. This sum was a part of the moneys collected by him in pursuance of the provisions of section 2965 of the Political Code, as construed by him, for administering oaths to masters of vessels when making the reports required by section 2949 of the Political Code. It was collected prior to the 8th of May, 1876.

This sum ($1,135) was collected by Van Ness in his official capacity and under color of office. There was no authority of law for collecting any such moneys of the ship-masters.

It is now contended by Van Ness that as this money was collected by him without legal sanction, he had a right to retain it as his own, and as he did not retain it, but paid it into the treasury, he should have been credited with it by the court below, and that the amount should be deducted by this court from the amount of the judgment.

We cannot give our sanction to this contention. The money, having been collected under color of office, should have been paid into the state treasury, and did not belong, in any view, to Van Ness, and he had no right to retain it. He only did his duty in paying it over to the state. It belonged really to the ship-masters of whom it was collected; but the state, in whose name and by

whose authority it was pretended to have been collected, was the proper custodian of such moneys.

The record is free from error.

Judgment and order affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.