[L. A. No. 441. Department Two.—December 2, 1898.]

THE PEOPLE, Appellant, v. H. W. WEINEKE et al., Respondents.

122  535
131  204

ACTION ON TAX COLLECTOR'S BOND—STATUTE OF LIMITATIONS—ACCRUAL OF CAUSE OF ACTION—PLEADING.—A complaint in an action on the bond of a tax collector, which charges a delinquency occurring on the first Monday of December, 1891, more than four years before the commencement of the action, in the failing and neglecting to pay to the county auditor a specified amount of state and county taxes previously collected by him, and alleges that they were not then paid, and have never since been paid, states only a cause of action accruing at the date alleged, and not accruing at the expiration of the term of office, and which is barred by section 337 of the Code of Civil Procedure although the term of office expired within less than four years before such commencement.

ID.—AVERMENT OF NONPAYMENT.—The averment of nonpayment of the taxes at any time since the date alleged does not state an additional cause of action for subsequent nonpayment, at the expiration of the term of office.

ID.—FINAL SETTLEMENT OF YEAR'S TAXES—RUNNING OF STATUTE.—In view of the provision of the statute requiring that a final settlement of all taxes charged against the tax collector on the assessment-book, shall be made by him with the auditor on the third Monday in January, considered in connection with the complaint, the statute of limitations on the cause of action alleged began to run at least by that date, and an action for the taxes previously collected would be barred in four years thereafter.

APPEAL from a judgment of the Superior Court of San Diego County. E. S. Torrance, Judge.

The facts are stated in the opinion.

A. H. Sweet, and H. S. Utley, for Appellant.

Haines & Ward, Collier & Evans, and H. E. Doolittle, for Respondents.

CHIPMAN, C.—This is an action to recover the sum of $15-946.27 from defendant Weineke, lately tax collector of San Diego county, and the other defendants, his sureties upon his official bond. Judgment was given against defendant Weineke by default and in favor of the other defendants upon their demurrer to the complaint. The appeal is from the judgment on the demurrer.

The complaint alleges that defendant Weineke was the duly qualified and acting tax collector for two years from the first Monday after the first day of January, 1891. "On the first Monday in December, 1891, and for five days thereafter, the said defendant H. W. Weineke, as said tax collector, wholly failed and neglected to settle with the county auditor of said county for all moneys collected for said state and county taxes for the fiscal year ending June 30, 1892, and wholly failed to pay the same to the county treasurer of said county, and has ever since said first Monday in December, 1891, wholly failed to settle, and has never settled, with the county auditor of said county for all said moneys collected by him, the said Weineke . . . . and has wholly failed and neglected to pay and has never paid all the moneys, . . . . and failed and ever since said day has failed to deliver to or file in the office of the said county auditor the statement showing an account of all his transactions and receipts as such tax collector and the payment of all the money collected by him as tax collector."

The complaint further alleges that defendant Weineke, on December 7, 1891, had collected and received for the use of the state and county $24,532.73 as state and county taxes for the fiscal year ending June 30, 1892, of which $15,946.27 has never "been paid to the county treasurer of said San Diego, as required by law. . . . . Defendant Weineke never at any time settled with the auditor of said county for said balance . . . . or any part thereof, . . . . and has ever since said December 7, 1891, wholly failed and neglected to settle with the county auditor for said balance, . . . . and has never paid said sum or any part thereof to the county treasurer, . . . . and the whole thereof is

still wrongfully and unlawfully retained . . . . and is wholly unpaid, due, and owing," et cetera.

The only question discussed by counsel is whether the action is barred by the four-year limitation of the statute. The complaint was filed December 29, 1896—more than five years after December 7, 1891, but less than four years after Weineke's term of office expired.

Section 3753 of the Political Code, is as follows: "On the first Monday in each month the tax collector must settle with the auditor for all moneys collected for the state or county, and pay the same to the county treasurer, and on the same day must deliver to and file in the office of the auditor a statement, under oath, showing: 1. An account of all his transactions and receipts since his last settlement; 2. That all money collected by him as tax collector has been paid." The next section (3754) is as follows: "A tax collector refusing or neglecting for a period of five days to make the payments and settlements required in this title is liable for the full amount of taxes charged upon the assessment-roll." The next section (3755) makes it the duty of the district attorney to "bring suit against the tax collector and his sureties for such amount," and if he fails to do so the board of supervisors or controller of the state "may require him to do so."

The contention of appellant is, that although section 3753 made it the duty of the tax collector, on December 7, 1891, to account for and pay over the moneys he then had on hand, and a failure to do so created a statutory liability under section 3754, yet it was not exclusive, and there was still a liability at the expiration of his term for the failure to pay over the same money for which his sureties were liable. The argument is that this same duty was placed upon him each month under the statute and the liability was a continuing one, and the statute of limitations did not begin to run until his term of office expired.

Respondents concede that there may be a liability in a certain sense resulting from the default of the officer at the expiration of his term of office, but they say that the complaint is not so framed as to charge such liability. It is contended that the complaint fixes the liability definitely and specifically as having accrued on the first Monday of December (December 7th), and must be so treated. The complaint, we think, clearly sets forth a cause of

action which accrued December 7, 1891, and fails to set forth a
cause of action accruing at any other time.   The allegations that
the tax collector has ever since failed to pay over the money, and
like allegations, are nothing more than would be required to neg-
ative payment at some date subsequent to December 7th, and
before action brought.   None of these allegations refer to any
delinquency except the one specifically alleged, and none of them
point to the withholding of or failure to pay over any other
moneys.   If plaintiff had desired to charge a liability by reason
of failure to turn over funds in the hands of the collector at the
expiration of his office, or without fixing any period for the de-
fault other than during his term of office, plaintiff might have
done so by a separate count or otherwise framing the complaint
to allege the facts, in which case defendants would probably have
been compelled to plead the statute of limitations by answer.   As
the complaint stands we do not feel warranted in treating it as
stating more than one cause of action, and for that reason we need
not decide whether the liability was a continuing one which be-
came a new liability each succeeding month and did not finally
accrue so as to start the statute in motion until the close of the
collector's term of office.

It may be contended that sections 3753, 3754, and 3755 do
not authorize the action for any balance collected but not turned
over, and therefore the statute of limitations does not then begin
to run.   Possibly the settlements referred to in these sections are
not such as would start the statute in motion when these monthly
payments and settlements referred to occur; it is not necessary
in the case now here to decide that question.   Subsequent sec-
tions, however, require the tax collector, on the third Mon-
day in January of each year, "to attend at the office of the
auditor with the duplicate assessment-book, and carefully com-
pare the duplicate with the original assessment-book, and
every item marked 'paid' in the former must be marked
'paid' in the latter." (Pol. Code, sec. 3758.)   "The tax
collector must, at the time specified in the preceding sec-
tion, deliver to the auditor a complete 'delinquent list' of
all persons and property then owing taxes." (Pol. Code, sec.
3759.)   "The auditor must carefully compare the list with the
assessment-book, and, if satisfied that it contains a full and true

statement of all taxes due and unpaid, he must foot up the total amount of taxes so remaining unpaid, credit the tax collector who acted under it therewith, and make a final settlement with him of all taxes charged against him on the assessment-book, and must require from him the treasurer's receipt, or, if the treasurer is the collector, require from him an immediate account for any existing deficiency." (Pol. Code, sec. 3761.) After this settlement he is charged with the delinquent list and it is to be delivered to him by the auditor (Pol. Code, sec. 3762); and "within ten days after the final settlement the auditor must transmit . . . . a statement to the controller of state," et cetera. We think that in any view of these provisions and the pleadings the statute of limitations would certainly begin to run in this case on the third Monday of January, 1892, and as the action was not brought until December 29, 1896, it was barred by section 337 of the Code of Civil Procedure. (*People v. Melone,* 73 Cal. 574; *San Francisco v. Ford,* 52 Cal. 198; *People v. Burkhart,* 76 Cal. 606. See, also, *Board of Commrs.v. Van Slyck,* 52 Kan. 622.)

Appellant claims that *San Francisco v. Heyneman,* 71 Cal. 153, is decisive of plaintiff's contention where it was said: "There can be no doubt that the tax collector is bound to pay over to the treasurer all public moneys in his possession upon the expiration of his term of office." Undoubtedly this is so, but that is far from deciding that the cause of action alleged in this complaint did not accrue at the time alleged. What we should hold if the action had been laid as a breach of duty occurring at the close of Weineke's term of office (1893) and the facts had shown the breach to have first occurred in December, 1891, need not be considered, for the pleadings present no such case. *People v. Van Ness,* 79 Cal. 86, 12 Am. St. Rep. 134, is also relied upon by appellant. It was there held that for a breach of the official bond the statute did not begin to run until the expiration of the officer's term of office. Van Ness was a commissioner of immigration. The question as to whether the statute commenced to run when he converted the funds was not considered, but it was assumed as the most favorable to defendants that it did not commence to run until the close of the term of office. When this default arose there was no law requiring the commissioner to pay over to the state treasurer monthly the moneys received by

him. Section 2969 of the Political Code, requiring him to do so, was passed March 15, 1883. The case is, therefore, unlike the one here.

We think the trial court was right in sustaining the demurrer, and therefore advise the affirmance of the judgment appealed from.

Haynes, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFarland, J., Henshaw, J., Temple, J.