[L. A. No. 597.    Department One.—February 15, 1900.]

## WESLEY PERRY, Appellant, v. OTAY IRRIGATION DISTRICT et al., Respondents.

IRRIGATION DISTRICT — PUBLIC CORPORATION — OFFICERS.—An irrigation district is a public corporation, and its officers are public officers.

ID.—ASSESSMENTS COLLECTED — SALARY AND EXPENSES OF COLLECTOR— SETOFF.—Assessments collected by the collector of an irrigation district constitute a public fund, and not private property; and the collector cannot offset against such fund his claim for salary, commissions, and expenses paid out in litigation, but his claim therefor can only be paid out of the treasury after allowance by the board, and upon a warrant properly drawn therefor.

ID.—ILLEGAL COLLECTIONS.—The fact that the moneys received by the collector for assessments were illegally collected cannot affect the duty of the collector to pay them over into the treasury of the district. If they were paid without protest, they cannot be recovered back; but, whether so or not, all moneys collected by the collector in his official capacity for and on behalf of the irrigation district belong to the district.

APPEAL from a judgment of the Superior Court of San Diego County. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

C. H. Rippy, and Withington & Carter, for Appellant.

D. L. Murdock, for Respondents.

VAN DYKE, J.—The plaintiff was collector of the Otay Irrigation District, San Diego county, from November 7, 1892, to March 5, 1895. Defendant Isaac Smith was elected and qualified as his successor in office March 5, 1895, and said Smith thereupon made demand on the plaintiff that he turn over the money in his hands belonging to the district, which the plaintiff refused to do; afterward, Smith resigned as collector and was appointed treasurer of the district. There seems to have been some informality in the approval of Smith's bond as treasurer, and he was reappointed June 4, 1895, and thereupon gave bond and duly qualified as treasurer. Smith again demanded of the plaintiff that he turn over the money in his hands belonging to the district, which was again refused. It is alleged in the plaintiff's complaint that such refusals were upon the advice of his counsel, and adds: "Thereupon, and on April 27, 1895, the board of directors of said district, by resolution duly passed and entered of record in the records of said district, declared that the plaintiff must be regarded as a person to be proceeded against for embezzlement of the funds of said district, and appointed a committee to prosecute a criminal action against the plaintiff." Hence the plaintiff brought this action, and deposited with the clerk of the court the sum of five hundred and eighteen dollars and sixty-one cents, the amount in his hands as collector, and demands that his claim for salary and fees, and expenses paid out in litigation in reference to said district, be offset against said sum, and that he be "exonerated and discharged from all liability in respect thereto, based upon his custody thereof as collector as aforesaid of said district, or otherwise, and for all proper relief." The defendants, the irrigation district and Smith, filed an answer and cross-complaint, and none of the numerous other defendants were served or appeared in the action.

The trial court found that plaintiff was the collector of the defendant district for the period stated, and that, as such col-

lector, in his official capacity, he collected and had in his hands at the time of filing of the complaint the sum of five hundred and eighteen dollars and sixty-one cents (paid in to the clerk of the court at that time), belonging to the said district, and which he had failed to turn over to the treasurer of said district.

Judgment was accordingly awarded to the Otay Irrigation District, defendant, for the said sum in the hands of the clerk, together with costs, and directing said clerk to pay said sum to the said defendant, Otay Irrigation District. Plaintiff appeals from the judgment upon the judgment-roll and a bill of exceptions.

The main contention of the appellant is, that the money which the district seeks to recover in the action does not constitute public funds, for which he would be liable on his bond, and that he has a right to set off any sum due him for salary, commissions, or expenses, incurred in or about the business of the district. The expenses incurred consisted principally in the payment of costs and disbursements in the litigation, wherein it appears that the appellant was not in accord with the board of directors of the district, and such proceedings were conducted and prosecuted by the appellant without the consent, and against the wish, of said board.

From the provisions of the act to provide for the organization and government of irrigation districts (Stats. 1887, p. 29) it is very clear that the officers of such district are public officers, and not private employees, and that the duties of collector of such district, under and in pursuance of the law, are public official duties. Section 33 of said act provides that on the first Monday of each month the collector must settle with the secretary of the board for all moneys collected for assessments, and pay the same over to the treasurer; and within six days thereafter he must deliver to and file in the office of the secretary a statement, under oath, showing: "1. An account of all his transactions and receipts since his last settlement; 2. That all money collected by him as collector has been paid. The collector shall also file in the office of the secretary, on said first Monday in each month, the receipt of the treasurer for the money so paid."

By section 39 the compensation of the board of directors is fixed at four dollars per day, and mileage, and it is further pro-

vided that the board "shall fix the compensation to be paid to
the other officers named in the act, to be paid out of the treas-
ury of the district." By section 36 it is provided: "No claim
shall be paid by the treasurer until allowed by the board, and
only upon a warrant signed by the president and countersigned
by the secretary."

In *In re Madera Irr. Dist.*, 92 Cal. 321, 27 Am. St. Rep. 106,
it is said: "That an irrigation district organized under the act
in question becomes a public corporation is evident from an ex-
amination of the mode of its organization, the purpose for which
it is organized, and the powers conferred upon it. It can be
organized only at the instance of the board of supervisors of
the county—the legislative body of one of the constitutional
subdivisions of the state; its organization can be effected only
upon the vote of the qualified electors within its boundaries;
its officers are chosen under the sanction and with the formalities
required at all public elections in the state—the officers of such
election being required to act under the sanction of an oath,
and being authorized to administer oaths when required, for
the purpose of conducting the election; and the officers, when
elected, being required to execute official bonds to the state of
California, approved by a judge of the superior court. The
district officers thus become public officers of the state." In
*People v. Selma Irr. Dist.*, 98 Cal. 208, the foregoing case of the
Madera Irrigation District was cited with approval, and the
court added: "The defendant is a public corporation, organized
under a general law of the state enacted by the legislature for
the purpose of promoting the general welfare." (See, also,
*Quint v. Hoffman*, 103 Cal. 506.) In *Fallbrook Irr. Dist. v.
Bradley*, 164 U. S. 174, the supreme court of the United States
says: "The formation of one of these irrigation districts amounts
to the creation of a public corporation, and their officers are
public officers."

The appellant seems to think that because the money col-
lected was in the nature of an assessment instead of a tax, that
the fund was in the nature of private property of the district,
against which he had a right of offset for the claim alleged to
be due him. In the Fallbrook case, *supra*, the distinction be-
tween an assessment and a tax is noted by the court as follows:

"Although there is a marked distinction between an assessment for a local improvement and the levy for a general tax, yet the former is still the exercise of the same power as the latter, both having their source in the sovereign power of taxation." The money collected, whether by assessment or tax, constitutes a public fund and not private property. In *New Orleans v. Finnerty,* 27 La. Ann. 681, 21 Am. Rep. 569, it is said: "Compensation takes place between individuals when the debts due by the respective parties are equally due and demandable and where the character of the debt is the same." It cannot be opposed by a fiduciary acting in the line of his duty, the court saying: "But nowhere do we find any authority which sustains the proposition that a public officer charged with the performance of a specific duty, for a fixed compensation to be paid in a manner pointed out by law, has any right to plead in compensation a sum which is in his hands simply because he has not done his duty by depositing it with the proper officer as soon as he had received it, against his salary, and the salary of other officers in his department, and the expenses of the office." To the same effect, 19 Am. & Eng. Ency. of Law, 933, under the head of "Public Officers."

And it is no defense that the moneys from the assessments were illegally collected. In *People v. Van Ness,* 79 Cal. 84, 12 Am. St. Rep. 134, the commissioner of immigration, upon being required to render to the controller a detailed statement of the receipts, and to pay the same into the state treasury, refused to do so on the ground that the money collected by him was without legal sanction. In reference to this contention the court say: "It is now contended by Van Ness that, as this money was collected by him without legal sanction, he had a right to retain it as his own, and as he did not retain it, but paid it into the treasury, he should have been credited with it by the court below, and that the amount should be deducted by this court from the amount of the judgment. We cannot give our sanction to this contention. The money having been collected under color of office, it should have been paid into the state treasury, and did not belong in any view to Van Ness, and he had no right to retain it."

If the money collected was paid by the parties assessed with-

out protest, although such assessment may have been illegal, the payments were voluntary, and they could not recover back the money so paid. But, in any case, having been collected by the appellant in his official capacity for and on behalf of the irrigation district, as already seen, the money belonged to such district, and it was his duty to pay it over according to the provisions of the law for the government of such districts.

Judgment affirmed.

Harrison, J., and Garoutte, J., concurred.