[L. A. No. 979.  Department Two.—December 29, 1900.]

## COUNTY OF SAN DIEGO, Appellant, v. C. R. DAUER et al., Respondents.

ACTION BY COUNTY UPON TREASURER'S BOND—LOSS OF MONEY DEPOSITED IN BANK—STATUTE OF LIMITATIONS.—.the statute of limitations began to run against a cause of action in favor of a county upon the bond of its treasurer, for the loss of moneys deposited by him in a bank which suspended, at least as early as his loss of the control of the funds was known to the county, and an action thereupon was barred at the expiration of four years from that time.

ID.—DISMISSAL OF FORMER ACTION—KNOWLEDGE OF COUNTY—BAR OF SECOND ACTION.—Where an action previously commenced by the county upon the official bond of its treasurer to recover the moneys so lost was dismissed, the commencement of such action shows knowledge by the county of the existence of the cause of action, and a second action commenced to recover such moneys more than four years thereafter is barred by the statute of limitations.

ID.—FAILURE OF TREASURER TO PAY MONEYS TO SUCCESSOR.—The failure of the treasurer, at the conclusion of his official term, to pay to his successor the funds lost by reason of such bank deposit did not constitute a new or different cause of action, nor extend the period of limitation of an action upon his official bond to recover the moneys so lost.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial.  E. S. Torrance, Judge.

The facts are stated in the opinion.

Tirey L. Ford, Attorney General, George A. Sturtevant, Deputy Attorney General, and T. L. Lewis, District Attorney, for Appellant.

Sam Ferry Smith, for C. R. Dauer and Others, Respondents.

Oscar A. Trippet, for J. Gruendike, George Hannlis, and Jerry Toles, Respondents.

Haines & Ward, for John Long, Respondent.

H. E. Doolittle, for William Collier, Respondent.

McDonald & McDonald, for M. German, Respondent.

GRAY, C.—Plaintiff appeals from a judgment and from an order denying its motion for a new trial.

The defendant Dauer was the treasurer of San Diego county from the first Monday in January, 1891, to the second day of January, 1893. This action is on his official bond and was commenced against him and the sureties on said bond on the thirty-first day of December, 1896, to recover the sum of $24,108.87, which it is alleged in the complaint he received during his term of office and did not deliver to his successor or leave in the treasury, but converted the same to his own use. Among many other defenses the defendant pleaded the statute of limitations, section 337 of the Code of Civil Procedure, limiting the right of action upon any contract obligation or liability founded upon an instrument in writing executed in this state to four years, and also subdivision 1 of section 338 of the Code of Civil Procedure limiting an action upon a liability created by statute to three years.

The case was tried on an agreed statement of facts, from which we gather the following: On account of state school money due the said county the defendant Dauer, on the thirteenth day of August, 1891, received from the state three warrants aggregating $15,987.70, drawn by the state controller upon the state treasurer and payable to Dauer's order as county treasurer. On the same day Dauer indorsed and delivered these warrants to the California National Bank, and received certificates of deposit therefor from said bank to the extent of $10,975.70, and the balance, $5,012.00, in cash. Dauer entered in his books the whole amount of said $15,987.70 as received in cash. Again, on the second day of November, 1891, said Dauer as county treasurer received from H. W. Weineke, the county tax collector, in making his monthly settlement, certificates of deposit for $26,114.85 issued by the said California National Bank to said Weineke for county tax collections deposited by him in said bank. At the same time, and on the same monthly settlement, the said treasurer received from said tax collector over $10,000 in coin and receipted for the whole

amount, including the certificates of deposit, as cash, and so entered it in his books. On the close of business on the eleventh day of November, 1891, and while said sums aggregating $37,090.55 were yet on deposit therein, no demand for the same having been made by Dauer, said bank closed its doors and ceased to do business and has not since resumed business.

Thereafter a receiver of said bank was duly appointed under the provisions of the national banking laws, and a suit was commenced on March 4, 1892, by the said plaintiff herein against said bank and its officers, and such proceedings were therein had that the claim of the said county, plaintiff, was allowed against said bank, and dividends amounting to the sum of $12,981.68 have been paid thereon to said county, which amount being credited on the aggregate amount of $37,090.55 on deposit when the bank closed, leaves $24,108.87 unpaid, which is the amount sought to be recovered herein.

On January 30, 1892, the chairman of the board of supervisors, together with the county auditor and district attorney of said county, made an actual count of the funds of the county treasury in the hands of said treasurer and found that he had on hand in coin $139,882.17, and the aforesaid certificates of deposit representing $37,090.55, and that he should have had on hand $176,972.70. Each month thereafter during said treasurer's term of office the said chairman, district attorney and auditor made a similar count of said funds, and found and certified to the fact of the treasurer having said certificates of deposit on hand and having an amount in coin less than he should have in the amount represented by said certificates of deposit. The board of supervisors of plaintiff, on December 19, 1892, passed a resolution reciting, in substance, that whereas by an official count of the money on hand it appears that Charles R. Dauer, county treasurer, has certificates of deposit in his possession issued by the California National Bank (which bank has suspended payment) aggregating $37,090.55, that all of said money is county money that should be in possession of said official; therefore be it resolved, that the district attorney be and he is hereby instructed and directed to forthwith bring an appropriate action against Treasurer Dauer and the sureties

on his official bond to recover the money deposited by him in the California National Bank at the time of its suspension. In pursuance of the foregoing directions and on the twentieth day of December, 1892, the said district attorney filed a complaint and commenced an action in which the same parties were plaintiff and defendants respectively as in the present action. This complaint was on the said official bond of said treasurer and sought to recover the said $37,090.55 from said treasurer and his sureties. On the thirty-first day of December, 1892, the board of supervisors, by a vote of three to two, directed the district attorney to dismiss the said action they had so recently ordered him to begin, and the said action was accordingly dismissed on said last-mentioned date. It will be seen that the recovery sought in the present action is on account of the failure of said treasurer to turn over to his successor in office at the conclusion of his term that portion of the said $37,090.55 sought to be recovered in the action of December 20, 1892, which had not been collected from the said bank.

The court found in favor of defendants on their defenses of the statute of limitations mentioned above.

It is contended by appellant that the statute of limitations did not commence to run until the expiration of Dauer's term of office, and that the action would not be barred until the expiration of four years from that time, but we think this contention cannot be upheld. Section 87 of the County Government Act (Stats. 1891, p. 318) provides: "The county treasurer must keep all moneys belonging to this state, or to any county of this state, in his own possession, until disbursed according to law. He must not place the same in the possession of any person, to be used for any purpose; nor must he loan, or in any manner use, or permit any person to use, the same, except as provided by law; but nothing in this section prohibits him from making special deposits for the safekeeping of the public moneys, but he shall be liable therefor on his official bond." That was the law in force at the time of the acts complained of, and thereunder it was the duty of the treasurer to keep the funds of the county under his own personal control, and when he lost that control by his own neglect of official duty

a cause of action arose on his official bond at once, and the statute of limitations began to run against such cause of action certainly as early as that condition of affairs was brought to the knowledge of plaintiff.   Certainly, the statute began to run as early as the date of the commencement of the first action on the treasurer's bond, December 20, 1892, and more than four years having elapsed thereafter before the commencement of the present action, the court below was correct in the conclusion that the cause of action was barred.

The failure of Dauer to turn over to his successor at the conclusion of his term of office the funds which he had lost some months prior to that time did not constitute a new or different cause of action on behalf of the county so as to affect the running of the statute of limitations.   Whether the suit was begun before or after the expiration of said term, the judgment must be the same, and the damages in either case would be measured by the amount of money which had been lost by the treasurer and not previously recovered from the bank; and if full recovery was had, in a suit brought before the expiration of Dauer's term, it would preclude any recovery thereafter, as the amount in which the treasurer was in default could be recovered but once.   Under our statutes, the treasurer is the mere custodian or bailee of the funds of the county, and his failure to have certain funds in the treasury at the conclusion of his term of office adds nothing to his previous transgression of having allowed the same funds to remain out of the treasury and become lost to the county.   It is only because of the original conversion or loss of the funds that suit can be maintained at any date; the continuance of the loss, conversion, or absence of the funds from the treasury can no more be treated as a new cause of action than can the failure to pay a debt on June 1, 1900, that was due a year before, be treated as a new debt for the purpose of fixing the period of limitations.

Appellant cites *People v. Van Ness,* 79 Cal. 84,[1] to show that the statute of limitations for the breach of an official bond does not commence running until the expiration of the official term,

---

[1] 12 Am. St. Rep. 134.

but an examination of that case will show that no breach of official duty occurred therein until the expiration of the official term. This is clearly pointed out in *People v. Weineke,* 122 Cal. 535, wherein it is said of the former case: "Van Ness was a commissioner of immigration. The question as to whether the statute commenced to run when he converted the funds was not considered, but it was assumed as the most favorable to defendants that it did not commence to run until the close of the term of office. When this default arose there was no law requiring the commissioner to pay over to the state treasurer monthly the moneys received by him. Section 2969 of the Political Code requiring him to do so was passed March 15, 1883." It is clear that the case cited furnishes us no guide herein.

Appellant also cites *Mason v. Luce,* 116 Cal. 232, and other cases of the same character holding that where there is a provision in a note that the same shall become immediately due and payable on default in the payment of any installment of interest the statute of limitations begins to run from the date of the expiration of the term of credit and not from the default in the payment of interest. An examination of those cases discloses that they are based on the theory that the stipulation as to default in the payment of interest "is evidently in the nature of a penalty inserted for the benefit of the creditor, and when he does not promptly claim the benefit of such penalty he waives it," and thereafter the rights and obligations continue without regard to the forfeiture. Of course, no such principle can apply to this case.

There was no prejudicial error in the trial court refusing to exclude portions of the agreed statement as requested by appellants.

It becomes unnecessary to determine any of the other interesting questions discussed in the briefs, because the cause of action as it appears from the agreed statement is barred by limitations whichever statute may be held applicable, and this defeats appellant's right to recover, however correct it may be as to other contentions in the case.

The judgment and order appealed from should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Temple, J., Henshaw, J.