[Civ. No. 6651. Second Appellate District, Division Two.—January 8, 1930.]

CHARLES F. NELSON, Respondent, v. CHARLES R. THOMAS, as Marshal, etc., Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Appellant.

Spencer & Dennis for Respondent.

BURNELL, J., *pro tem.*—This case is before us on respondent's motion to dismiss the appeal because of lack of jurisdiction in this court. The action was commenced, tried and determined adversely to the defendant marshal of the Municipal Court of the city of Los Angeles in the last-named tribunal. From the judgment of that court awarding the plaintiff $510.90, costs and interest, the marshal appealed to the Superior Court, where the judgment of the Municipal Court was affirmed. From such judgment of affirmance the defendant marshal has appealed to this court.

■ "Whether an appeal to this court lies from a judgment of the superior court affirming, modifying or reversing a judgment of the municipal court . . . depends upon where the cause of action arose as disclosed by the record—whether inside or outside the limits of the incorporated city where the municipal court is situated" (*Johnston* v. *Wolf,* 208 Cal. 286 [280 Pac. 980]), if, therefore, the cause of action herein arose in the city of Los Angeles an appeal does not lie to this court and the judgment of the Superior Court was final; if it arose elsewhere within the jurisdiction of the Municipal Court this court has jurisdiction to entertain the appeal. The only question presented by the motion therefore is: Where did the cause of action arise?

There is no dispute as to the facts as stated in the affidavit filed in support of the motion and in the findings of the Municipal Court. They are as follows: ■ The respondent resides in the township of Beverly Hills, which we take judicial knowledge is outside of the corporate limits of the city of Los Angeles (*Johnston* v. *Wolf, supra*). In the latter part of February, 1927, one of the marshal's deputies called at respondent's residence and attached the latter's automobile pursuant to a writ of attachment issued out of the Municipal Court in an action brought by a collection agency against him. Respondent, in lieu of a bond on release of attachment and to prevent the taking of his automobile under the writ, then and there paid to the marshal, through the deputy, the sum of $510.90 in cash. Although the money was received by the marshal in Beverly Hills township for the sole purpose of securing the release of the attachment and not in satisfaction or settlement of the claim sued on, he took the money to his office in the city.

of Los Angeles, and after keeping it there for at least three days, without any judgment or order of the court and without any order from the defendant (respondent here) and without the latter's knowledge, paid it to the plaintiff in the attachment suit and procured from it a dismissal of the action with prejudice. Respondent, on learning what had occurred, made demand upon the marshal, at his office in the city of Los Angeles, for the return of his deposit, and upon the marshal's refusal to comply with this demand instituted the present action for money had and received.

It is appellant's contention "that since the cash bond was taken in Beverly Hills in lieu of property taken in Beverly Hills from a defendant residing in and then in Beverly Hills, the obligation to return it, if there be any such obligation, was to return the money to that defendant in Beverly Hills," and hence that the cause of action arose there and not in the city of Los Angeles where the marshal had his office and where the money was diverted from the purpose for which it had been handed over to the marshal and by him paid to the plaintiff in the attachment suit in satisfaction of its claim. We are unable to agree with this contention. So long as the marshal retained the money in his possession for the purpose for which it had been handed to him the respondent could have had no cause of action against him, unless the attachment suit had resulted in a judgment in favor of respondent and the attachment had therefore been dissolved and the marshal had then refused to return the cash deposit received in lieu of an undertaking. Nor would there have been a cause of action against the marshal if he had deposited the money in court in lieu of such undertaking. But when the marshal, to quote appellant's own words as contained in his brief on this motion, "misunderstanding the purpose for which the cash was given to him (no malicious conduct is charged) brought the money into the city of Los Angeles, where he paid it over to the company which was suing Dr. Nelson and caused them to dismiss the action against Dr. Nelson 'with prejudice,' " he, although acting without any wrongful intention, was in contemplation of law guilty of a misappropriation or conversion of the money. It was this tortious act, committed in the city of Los Angeles, which gave rise to respondent's cause of action. That cause of action arose im-

mediately upon the unauthorized transfer of the money to the plaintiff in the attachment suit and not prior thereto (*Bell* v. *Bank of California*, 153 Cal. 234, 242 [94 Pac. 889]). ▮ The fact that respondent had the right to and did waive the tort and sue *in assumpsit* (see 3 Cal. Jur. 378, and cases cited therein) does not, of course, affect the fact that what created a cause of action in favor of respondent was the misuse of the money by the marshal, which misuse or diversion thereof from the purpose for which he had received it occurred in the city of Los Angeles.

Additional light is thrown on the problem before us by decisions in cases wherein the statute of limitations is discussed; for although the question of time rather than that of place is involved in most of them, here the two are most closely interrelated. Thus it has been held that the cause of action ordinarily accrues when the obligation or liability matures so that a suit may be based upon it (*California Safe Deposit etc. Co.* v. *Sierra etc. Co.*, 158 Cal. 690 [Ann. Cas. 1912A, 729, 112 Pac. 274]; *Merguire* v. *O'Donnell*, 139 Cal. 6 [96 Am. St. Rep. 91, 72 Pac. 337], and that if the liability is based upon a tort the cause of action arises immediately upon the commission of the wrongful act (*Lattin* v. *Gillette*, 95 Cal. 320 [29 Am. St. Rep. 115, 30 Pac. 545]), while if it is based upon a contractual relation, express or implied, it arises at the date of the breach and not at the date of the damage caused thereby (*Crawford* v. *Duncan*, 61 Cal. App. 647 [215 Pac. 573]). It has also been held that where a public officer is under obligation to retain personal control or custody of money a cause of action accrues against him for its recovery from the time that, through his neglect, such control is lost (*County of San Diego* v. *Dauer*, 131 Cal. 199 [63 Pac. 338]). Applying these principles to the case in hand, it is evident that the cause of action arose in the city of Los Angeles at the time of the wrongful diversion there of the respondent's money from the purpose for which it had been deposited with the marshal to another and unauthorized purpose.

▮ Appellant makes the additional point that because respondent alleged in his complaint that the marshal became indebted to him "within the county" of Los Angeles he thereby assumed a position which precludes him from now asserting that the cause of action arose within the city

of Los Angeles. There is no merit to this contention. The words quoted were undoubtedly used merely by way of pleading that the action was within the geographical jurisdiction of the Municipal Court, and not as an assertion that the cause of action arose somewhere in the county outside of the limits of the city.

The appeal is dismissed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.