(No. 6036. December 13, 1933.)

NEZ PERCE COUNTY, a Municipal Corporation, Appellant, v. HARRY DENT and FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Corporation, Respondents.

[27 Pac. (2d) 979.]

Bert H. Miller, Attorney General, Ray E. Durham, Prosecuting Attorney, and P. E. Stookey, for Appellant.

Cox, Martin & Ware and Jas. A. Williams, for Respondents.

MORGAN, J.—This is an action prosecuted by appellant, Nez Perce County, against respondents, Harry Dent and Fidelity and Deposit Company of Maryland. The former was sheriff of the county during the times mentioned in the amended complaint, and the latter was surety on his official bond. It is appellant's purpose to recover from respondents on twelve causes of action, stated in the amended complaint, eleven of them for moneys paid to Dent by the warden of the penitentiary for transporting and delivering prisoners from the jail at Lewiston, in Nez Perce county, to the penitentiary at Boise, in Ada county, between July 25, 1929, and January 25, 1932, inclusive, and the twelfth for moneys paid by the warden to the sheriff for transporting prisoners from Minidoka County to the penitentiary on or about January 29, 1932.

Respondents demurred to each cause of action, as follows:

"1. That said cause of action of said amended complaint does not state a cause of action against these defendants, or either of them.

"2. That said cause of action does not state a cause of action against these defendants, or either of them, because:

"(a) The items and/or amounts alleged therein to have

been paid to and received by the defendant, Harry Dent, are not 'fees' within the meaning of the statutes in such case made and provided.

"(b) The items and/or amounts alleged therein to have been earned by, paid to and received by the defendant, Harry Dent, are not 'fees' due or earned for any official act of said Harry Dent as sheriff of Nez Perce County, Idaho, and are not for said reason due the plaintiff.

"(c) The items and/or amounts alleged therein to have been earned by, paid to and received by the defendant, Harry Dent, and in said cause of action referred to as 'compensation,' do not represent moneys in which the plaintiff had or has any interest whatever, and the said plaintiff is not, under the allegations of said cause of action, entitled to recover same from the defendant, Harry Dent.''

The demurrer was sustained and judgment of dismissal was entered. This appeal is from the judgment.

It is alleged in the amended complaint, and admitted by the demurrer, that Dent was paid by Nez Perce County, as full compensation for his services as sheriff, a salary of $2,000 per year. In like manner it is alleged and admitted that he, at the request of the warden, while acting as sheriff of Nez Perce County, transported, in an automobile owned by the county, the prisoners above mentioned, and received from the warden the sums of money in the several causes of action stated, in addition to the salary paid to him as sheriff, and has failed and neglected to account for and pay into the county treasury the sums so received by him.

The demurrer is based on the theory that, as shown by the amended complaint, the moneys received by the sheriff from the warden were not earned by him as fees and that the county is not entitled to receive them.

Respondents contend that:

"The official acts of the respondent sheriff are only those acts which he is required by statute to perform. The appellant county has no interest in expenses paid the sheriff for non-official acts.''

Also, "There is no statutory duty on the sheriff to transport and deliver prisoners to the warden of the state penitentiary."

A sheriff's compensation is limited to his salary and reimbursement for moneys expended in the discharge of his duties. Our Constitution, art. 18, sec. 7, provides:

"All county officers and deputies when allowed, shall receive, as full compensation for their services, fixed annual salaries, to be paid monthly out of the county treasury, as other expenses are paid. All actual and necessary expenses incurred by any county officer or deputy in the performance of his official duties, shall be a legal charge against the county, and may be retained by him out of any fees which may come into his hands. All fees which may come into his hands from whatever source, over and above his actual and necessary expenses, shall be turned into the county treasury at the end of each quarter. He shall at the end of each quarter, file with the clerk of the board of county commissioners, a sworn statement, accompanied by proper vouchers, showing all expenses incurred and all fees received, which must be audited by the board as other accounts."

To the same effect are the provisions of I. C. A., sec. 30-2601. I. C. A., sec. 30-2606, makes it the duty of the board of county commissioners to fix the salaries of certain other county officers within the limitations therein specified, and provides:

"The sheriff shall receive a salary of not less than $800.00 per annum, and not to exceed $2000 per annum; . . . . "

Considerable space in the briefs is occupied by a discussion of whether it is a duty of a sheriff to convey prisoners to the penitentiary, or whether that is a duty devolving exclusively on traveling guards from that institution. This contention is beside the question. It is grounded on the erroneous theory that money received by an officer, for performing a service while acting as such, may be retained by him if, in so acting, he was not performing a duty the performance of which may be exacted of him by law.

We cannot infer from the amended complaint that the sheriff, prior to removing prisoners from the jail to the penitentiary, had been appointed traveling guard and was acting as an officer of the state, nor will that pleading bear the construction that he was acting in his individual capacity. Furthermore, public policy will not permit it. He, as sheriff of Nez Perce County, had custody of the prisoners. Where he went with them the power and authority of sheriff went also. To divest himself of his official capacity is to deprive himself of the right to custody of the prisoners, and ·it is not in his mouth to say he acted as sheriff for himself and that the money he earned and received while doing so belongs to him and not to the county. It may be this money had been wrongfully taken from the State of Idaho, but, even so, if the allegations of this amended complaint are true, neither Sheriff Dent nor his surety can be permitted to assert that fact as a defense to the causes of action therein stated.

It is said in *Noble v. City of Palo Alto*, 89 Cal. App. 47, 264 Pac. 529:

"Public policy and sound morals alike forbid that a public officer should demand or receive for services performed by him in the discharge of official duty any other or further remuneration than that prescribed and allowed by law."

This statement is also to be found in *Somerset Bank v. Edmund*, 76 Ohio St. 396, 81 N. E. 641, 10 Ann. Cas. 726, 11 L. R. A., N. S., 1170, and it meets our approval.

The Supreme Court of Oregon said, in *Yamhill County v. Foster*, 53 Or. 124, 99 Pac. 286, at 290:

"A public officer or agent of the state who receives money for it cannot refuse to pay it on the ground that it was illegally exacted from the person from whom collected."

The Supreme Court of California said, in *People v. Van Ness*, 79 Cal. 84, 21 Pac. 554, 12 Am. St. 134, with respect to a sum of money collected by a commissioner of immigration of the port of San Francisco, for administering oaths to masters of vessels, when making reports:

"There was no authority of law for collecting any such moneys of the ship-masters. It is now contended by Van Ness that as this money was collected by him without legal sanction he had a right to retain it as his own, and as he did not retain it, but paid it into the treasury, he should have been credited with it by the court below, and that the amount should be deducted by this court from the amount of the judgment. We cannot give our sanction to this contention. The money, having been collected under color of office, should have been paid into the state treasury, and did not belong, in any view, to Van Ness, and he had no right to retain it. He only did his duty in paying it over to the state. It belonged really to the ship-masters of whom it was collected; but the state, in whose and by whose authority it was pretended to have been collected, was the proper custodian of such moneys."

In *Board of Commissioners v. Gardner*, 18 Mont. 110, 44 Pac. 407, the third section of the syllabus is as follows:

"Where the statute requires the assessor to collect the poor tax, and his bond provides, in effect, that the assessor will pay over moneys so collected, the sureties are estopped from claiming that the statute authorizing him to collect such tax is in conflict with Const., art. 16, sec. 5, providing that in each county there shall be one treasurer, who shall be collector of taxes."

*City of Philipsburg v. Degenhart et al.*, 30 Mont. 299, 76 Pac. 694, was an action to recover on the official bond of the treasurer of the city for moneys collected and retained by him. It is said in the opinion:

"The defense set up in the answer was, briefly, that the officers and agents of the city collected money from various gambling houses and houses of prostitution, which they had no right to collect, and therefore the city had no right to the money received therefrom, and that the conversion and embezzlement of the moneys alleged in the complaint 'was only the conversion of money not belonging to the city of Philipsburg, but received by the illegal means above set forth.'"

Judgment was for the defendants. The Supreme Court of Montana reversed the judgment, quoting from Mechem on Public Officers, sec. 295, as follows:

"An officer who has received money for and on account of his principal cannot, in general, when called upon to pay it over, defend on the ground that it was money which his principal had no right to obtain, procure, or receive. It is held that his sureties are equally estopped."

The judgment appealed from is reversed, with instruction to overrule the demurrer. Costs are awarded to appellant.

Budge, C. J., and Givens, Holden and Wernette, JJ., concur.