BOX ELDER COUNTY et al. v. HARDING et al.

No. 5244.  Decided January 4, 1934.  (28 P. [2d] 601.)

*Lewis Jones,* of Brigham, for appellant.

*Arthur E. Moreton,* of Salt Lake City, and *B. C. Call,* of Brigham, for respondents.

PRATT, District Judge.

From January 2, 1923, to January 3, 1927, the defendant Benjamin Dwight Harding was the duly elected, qualified, and acting county treasurer of the plaintiff Box Elder county; the defendant National Surety Company was his bondsman. On February 13, 1925, there was on deposit in the account of said treasurer with the State Bank of Tremonton the sum of $6,311.05, moneys of the plaintiff county. On February 14, 1925, that bank was closed by the state bank commissioner, who then proceeded to liquidate said bank. In the course of that liquidation the plaintiff county received back from said bank all of said sum except the sum of $631.10. As to this sum there were certain negotiations had between the county commissioner and the state bank examiner directed toward crediting said sum upon an alleged overpayment of taxes by said bank to said county. There is a difference of opinion between the parties as to the result of these negotiations.

When the defendant treasurer went out of office he was succeeded by the plaintiff treasurer Heber W. Perry. There was also a change in county commissioners prior to the institution of this action.

Pursuant to a resolution of the board of county commissioners of said plaintiff county, adopted at their meeting of November 18, 1929, this action was filed against the defendant treasurer and his bondsman to recover said $631.10. The action was filed on the 16th day of December, 1929. The lower court concluded that the action was barred by subdivision 1 of section 6468, Comp. Laws Utah 1917. Appellant assigns this as error. There are other findings and conclusions by the lower court which are assailed by appellant, but it is unnecessary to mention them.

The plaintiff treasurer did not appeal from the decision of the lower court and was not served with notice of appeal by his appealing coplaintiff. They were represented by the same counsel. At the outset of this case defendants moved for a dismissal of the appeal upon the grounds that this court does not have jurisdiction in the matter for the reason that the plaintiff treasurer was not served with notice of the appeal. We do not think that the motion is well taken. The only interest the plaintiff treasurer has in the case, if he has any at all, is to see that the county gets back such funds as may be due it—if the county does not get those funds back the plaintiff treasurer does not have to make them good as they never came to his hands or into his custody at any time. He merely stands as a custodian ready to receive whatever may be required to be paid to the county. The bond runs to the county and it is the party beneficially interested in the recovery—it is the party who has suffered a loss, if loss there be. Assuming then that the interest of the plaintiff treasurer in the action is merely the interest of the county, the following rule would apply:

"Persons who are affected by a judgment to the same extent as the appellant and who would be equally benefited with him by a reversal or modification thereof are not adverse parties, and therefore he need not serve them with notice of his appeal." 2 R. C. L. 110, § 86.

Counsel for the appellant contends that as he was counsel for the plaintiff treasurer, service of notice was unnecessary. There are authorities so holding. *Weeter Lumber Co.* v. *Fales et al.*, 20 Idaho 155, 118 P. 289, Ann. Cas. 1913A, 403. The singular thing about this Idaho case is that the opinion upon the point is given by the Justice who does not agree with the majority of the court. An examination of that dissenting opinion will show very good reasons why such a rule should not be applied. However, it is unnecessary to decide that matter here in view of the stand we have taken in this case.

Now as to the statute of limitation. Let us quote the para-

graph of plaintiffs' complaint which sets out the basis, as plaintiffs believe it to be, of the liability of the defendant treasurer and his bondsman:

"7.   That thereafter various proceedings were had by said State Bank Commissioner to the end that the County has received back all of said $6311.05 with the exception of the sum of $631.10, which sum is still missing from the Treasury of Box Elder County, for which the said Benjamin Dwight Harding and his surety the National Surety Company were and are liable."

Now let us quote section 1492, Comp. Laws Utah 1917:

"Treasurer not to lend public money.   The county treasurer must safely keep all money belonging to * * * any * * * county of this state, until disbursed according to law.   He shall not lend the same, and he shall be liable therefor on his official bond."

A comparison of the two quotations will disclose the theory of plaintiffs' cause of action.   There are no allegations in the complaint of wrongdoing on the part of the defendant treasurer either in omission or commission—it is merely an allegation that there are certain funds gone from the treasury for which the defendant treasurer and his bondsman should account.   If there is liability then it is purely statutory.   Subdivision 1 of section 6468, Comp. Laws Utah 1917, refers to "liability created by the statute."   Subdivision 1 of section 6469, Comp. Laws Utah 1917, refers to "liability incurred by the doing of an act."   The limitation under subdivision 1, § 6468, is one year.

It is the contention of counsel for the plaintiff that this action is controlled by subdivision 2 of section 6466, the six years' limitation on written instruments.   In support of his contention counsel cites: *People* v. *Burkhart,* 76 Cal. 606, 18 P. 776; *People* v. *Weineke,* 122 Cal. 535, 55 P. 579; *People* v. *Van Ness,* 79 Cal. 84, 21 P. 554, 12 Am. St. Rep. 134, and other California cases.   For some reason best known to himself, counsel did not cite *Sonoma County* v. *Hall,* 132 Cal. 589, 62 P. 257, 312, also found in 65 P. 12 and 459, cited by counsel for defendants.   In the latter case the cases cited for plaintiff are all discussed and the law is set down to be

that the section covering liability imposed by statute applies and not the section covering actions upon written instruments.

The case of *San Diego County* v. *Dauer*, 131 Cal. 199, 63 P. 338, 340, cited by counsel for the plaintiff, does not decide which statute is applicable, but says: "* * * because the cause of action, as it appears from the agreed statement, is barred by limitations, whichever statute may be held applicable. * * *" The case was one upon the issue of when the statute began to run under facts similar to those in the present Box Elder county case, the court holding that it commenced to run from the time of loss of the money.

This action was filed more than a year after the defendant treasurer went out of office. It makes little difference then whether we adopt the view of the San Diego Case as to when the cause of action arose or whether we believe it arose at a time when, pursuant to section 1485, Comp. Laws Utah 1917, it was the duty of a treasurer to settle his account with the auditor on the first Monday of each month, or on the second Monday of January of each year, or whether we believe it was his duty to settle his account pursuant to section 1467, Comp. Laws Utah 1917, at the expiration of his term of office—any one of these times and all of them would require institution of an action much earlier than occurred in the present case.

As the gist of this action is the liability imposed by statute and not the breach of a written contract, we hold that subdivision 1 of section 6468, Comp. Laws Utah 1917, is applicable and that the decision of the lower court in that respect is correct. The action being barred, it becomes unnecessary to determine the other questions involved.

Defendants' motion for dismissal of the appeal is denied. The judgment of the lower court is affirmed. Costs to respondents.

STRAUP, C. J., and ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.

MOFFAT, J., did not participate herein.